**SANDERS LAW GROUP**
Craig Sanders (Cal Bar 284397)
Jacqueline Mandel
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127650

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIP MAGAZINE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REDONE LLC AND HANESBRANDS INC.,<br><br>　　　　　Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br><br>1. **Direct and/or Contributory Trademark Infringement in Violation of 15 U.S.C. § 1114**<br>2. **Direct and/or Contributory False Designation of Origin / Unfair Competition in Violation of 15 U.S.C. § 1125(a)**<br>3. **Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.**<br>4. **Direct and/or Contributory Common Law Trademark Infringement and Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RIP Magazine, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendants Redone LLC ("*Redone*") and Hanesbrands Inc. ("*Hanesbrands*") (collectively "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for: (i) Direct and/or Contributory Trademark Infringement in Violation of 15 U.S.C. § 1114; (ii) Direct and/or Contributory False Designation of Origin / Unfair Competition in Violation of 15 U.S.C. § 1125(a); (iii) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; and (iv) Direct and/or Contributory Common Law Trademark Infringement and Unfair Competition.

## PARTIES

2. Plaintiff is a Texas limited liability company organized, doing business under the laws of the State of Texas and having its principal office at 5900 Balcones Drive, Suite 4228, Austin, Texas 78731.

3. On information and belief, Defendants Redone is a California Limited Liability Company with a principal place of business at 1035 East 7th Street, Los Angeles in Los Angeles County, California.

4. On information and belief, Defendants Hanesbrands is a Maryland Corporation with a principal place of business at 2 Wisconsin Circle, Chevy Chase in Montgomery County, Maryland.

## JURISDICTION AND VENUE

5. This action arises under the trademark and anti-dilution laws of the United States, 15 U.S.C. § 1051, et seq., and under statutory and common law of unfair competition. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law. This Court has supplemental jurisdiction over the remaining claims

pursuant to 28 U.S.C. §1367(a).

6. This Court has personal jurisdiction over defendant Redone because it resides in this District, it maintains its principal place of business in this District, does business in this District, and has committed acts of infringement at issue in this Complaint in this District.

7. This Court has personal jurisdiction over defendant Hanesbrands under California's long-arm jurisdictional statute because, while Hanesbrands maintains its principal place of business in Maryland, it purposely directs substantial activities at the residents of California, and, upon information and belief, Hanesbrands contracts with codefendant Redone to manufacture infringing products at issue and distribute them in this District, and makes available infringing products that can be purchased in California.

8. Venue is proper under 28 U.S.C. §1391(a)(2) because defendant Redone does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Trademark**

9. Plaintiff has publicly and commercially used its trademark "COCONUT TEASZER" since January of 2014 in connection with certain music-based goods and services within the music and fashion industries, including but not limited to reproductions on bandanas; dresses; footwear; hats; headbands; headwear; jackets; pants; shirts; shorts; sweatshirts; t-shirts; tank-tops; underwear; wristbands as clothing; and hooded sweatshirts.

10. On or about January 16, 2018, Plaintiff registered certain distinct word marks and/or stylized design marks with the United States Patent and Trademark Office ("USPTO"), with the registration number 5380651 (referred to herein as the "COCONUT TEASZER" trademark and/or the "Mark", a true and correct copy of

such certificate of registration is attached as <u>Exhibit</u> 1).

11. The Mark is in Trademark Class 25 which covers apparel in three distinct categories: headgear, clothing and footwear.

12. The Mark has been registered since January 16, 2018 and has not been abandoned, canceled, or revoked.

13. The Mark is valid, extant and in full force and effect. The Mark is exclusively owned by Plaintiff. Plaintiff has continuously used the Mark from the registration date, or earlier, until the present time and at all times relevant to the claims alleged in this Complaint.

14. Plaintiff is the sole owner of the Mark and has not transferred, assigned, licensed or otherwise alienated such Mark for the benefit of any third party.

15. Over the past ten (10) years, Plaintiff has developed a number of proprietary products and services, and has continuously maintained exclusive rights over the Mark since its first use in commerce.

16. Plaintiff currently sells its products in almost every state, and continuously engages in national marketing campaigns to promote its proprietary products and services.

17. Plaintiff's clothing with the Mark has been worn by various celebrities in furtherance of its marketing campaign, including but not limited to the musician Slash from the rock group *Guns N' Roses* (See <u>Exhibit</u> 2).

18. Plaintiff has invested a considerable amount of time, effort and money in designing, developing, promoting and marketing goods and services associated with the Mark throughout the United States.

19. The Mark is highly distinctive and fanciful.

20. The Mark and the goodwill associated with it are valuable assets of Plaintiff.

21. In addition to the Mark, Plaintiff also owns the corresponding domain

names for the Mark which include www.coconut-teaszer.com.

22. As a result of Plaintiff's widespread and continual commercial use of the Mark in interstate commerce in connection with a wide variety of goods and services, the Mark has acquired extensive goodwill, brand recognition and customer loyalty within the music, nightlife and fashion industries.

23. Due to the long use, sales, and advertising and promotion of the Mark by Plaintiff, the Mark has achieved recognition, widespread acceptance, and secondary meaning among consumers, the public, and those in the trade throughout the United States.

24. Plaintiff's use of the Mark has developed a high degree of distinctiveness, recognized throughout domestic markets within the United States.

25. Protections against the unauthorized use of the Mark are based on Federal Statutes as well as those afforded under common law rights.

### B.     Defendant's Infringing Activities

26. This lawsuit arises from Defendants' design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale in the United State of certain apparel products that infringe on Plaintiff's Mark (the "*Accused Products*").

27. Upon information and belief, on or about March of 2016, Defendants publicly announced their intent to collaborate on various clothing endeavors (See generally Exhibit 3).

28. Upon information and belief, approximately two (2) years ago, Defendants co-branded a designer shirt that infringed on Plaintiff's Mark (See e.g. Exhibit 4).

29. Plaintiff has not granted Defendants, either individually or collectively,

a license nor given Defendants any form of permission to use Plaintiff's Mark.

30. As of the date of the filing of this complaint, Defendants continue to infringe upon and sell items with the Mark without authorization (See e.g. <u>Exhibit</u> 5).

31. Upon information and belief, Defendants have used the Mark in connection with products and services in a manner that creates a likelihood of confusion.

32. Defendants have misrepresented their legal authority to use the Mark in commerce by wholesaling clothing and merchandise to high-end retailers such as Neiman Marcus, Saks Fifth Avenue, and Nordstrom (See e.g. <u>Exhibit</u> 6).

33. Upon information and belief, and as evidenced by Defendant's exact copying of the Mark, Defendants have acted deliberately and in bad faith and Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Accused Products with Plaintiff, and/or the origin, sponsorship, or approval of the Accused Products by Plaintiff.

### FIRST COUNT
### DIRECT AND/OR CONTRIBUTORY TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. §1114(1)

34. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

35. As described in this Complaint, Defendants have infringed upon Plaintiff's registered trademark in interstate commerce by various acts, including, without limitation, the adoption of the Mark and the sale of clothing in connection with the infringing mark.

36. Defendants' adoption and use of the infringing Mark is made without

permission or authority from Plaintiff, has caused and is likely to cause confusion, mistake and/or an intent to deceive those in the relevant market.

37. Defendants have adopted and used the infringing Mark in connection with clothing notwithstanding their constructive notice of Plaintiff's registration under 15 U.S.C. §1072.

38. By engaging in the unlawful conduct, Defendants used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the registered trademark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark, or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademark on its website and to major clothing retailers intended to be used in commerce or reach consumers in violation of 15 U.S.C. §1114.

39. Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill.

40. As a direct and proximate result of Defendants' use of Plaintiff's Mark to brand, promote, market and sell their products, goods and merchandise the public has been and/or is likely to be confused, deceived and/ or to falsely believe that there is an association between Plaintiff on the one hand, and Defendant on the other.

41. Defendants' distribution, sale and offer of sale of goods in connection with Plaintiff's Mark in California and in interstate commerce has caused and will cause the likelihood of confusion, deception, and mistake in that the public will very likely conclude that the goods sold, offered or distributed by the Defendants are authorized, sponsored, approved, or associated with the Plaintiff.

42. As a direct and proximate result of Defendants' actions as above described, the public is likely to be confused as to the origin or source of Plaintiff's goods and services or that Plaintiff is associated with the products, merchandise and

goods being sold by Defendants, when in truth and in fact, Plaintiff is not.

43. Plaintiff is informed and verily believes that Defendants currently operate, manufacture, distribute, and offer to sell and/or sell merchandise throughout the United States in interstate commerce, branding such merchandise with Plaintiff's Mark, without authorization, privilege or right.

44. Defendants' continued distribution of products, goods and merchandise under and/or in connection with Plaintiff's Mark will cause the Mark, intended to identify and be associated with Plaintiff, to lose its distinctive qualities and will significantly erode Plaintiff's selling power.

45. Because Plaintiff cannot control the nature and quality of Defendants' sales of products, goods and merchandise, Defendants' infringing activities have had, and will have, an adverse effect on Plaintiff's business and reputation in this District, the State of California and throughout the United States. Said acts of infringement have caused and will continue to cause irreparable injury to the Plaintiff if the Defendants are not restrained by the Court from further violation of the Plaintiff's rights.

46. As a direct and proximate result of Defendants' intentional actions, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown and to be determined at time of trial.

47. As Defendant's actions have been, and continue to be, willfully committed with intent to damage Plaintiff, to usurp the market and eliminate Plaintiff as a competitor, and to confuse and deceive the public, Plaintiff is entitled to Defendant's profits, treble Plaintiff's actual damages, an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND COUNT
## DIRECT AND/OR CONTRIBUTORY FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. §1125(a)

48. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

49. Due to its long use and extensive sales, Plaintiff has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

50. The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Plaintiff's Mark, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Plaintiff of the Accused Products.

51. Defendants have used Plaintiff's Mark on and/or in connection with retail and online stores and the sale and offering to sell clothing items similar to the products Plaintiff markets, promotes and sells, throughout the United States.

52. As the infringing conduct was conducted over the Internet, Defendants' sale of, and offering to sell, merchandise is targeted to the same consumers targeted by Plaintiff in interstate commerce throughout the United States, Canada and the world.

53. Defendants' use of the Mark is without Plaintiff's permission or authorization, and in total disregard of Plaintiff's rights to control its intellectual property.

54. Defendants' use of Plaintiff's Mark is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Plaintiff.

55. As described in this Complaint, Defendants' adoption and use of the infringing Mark constitutes a false designation of origin and/or a false and misleading description of its services and is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association of Plaintiff or as to the origin, sponsorship or approval of the services of Plaintiff in violation of 15 U.S.C. §1125(a).

56. As a direct and proximate result of the foregoing acts, Plaintiff has suffered and will continue to suffer significant injuries in an amount to be determined at trial.

57. Plaintiff is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts.

58. Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Plaintiff for the harm caused by Defendants' infringement, which is ongoing.

59. Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover from Defendants actual damages Plaintiff has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts, and/or an award of Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## THIRD COUNT
### DIRECT AND/OR CONTRIBUTORY UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200; *ET SEQ*

60. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in

full herein.

61. On information and belief, Defendants manufactured, distributed, sourced, sold, and/or supplied the Accused Products bearing Plaintiff's Mark toothers, including at least NEIMAN MARCUS GROUP, INC., SAKS FIFTH AVENUE, and ST. BERNARD, whom they know or have reason to know are engaging in trademark infringement, false designation of origin/unfair competition, and dilution of the Mark, and with knowledge that such Accused Products would be advertised, offered for sale, and sold in the United States using and/or bearing the Mark.

62. Defendants had knowledge of Plaintiff's superior rights in the Mark when they manufactured, distributed, sourced, sold, advertised, offered for sale, and/or supplied goods bearing the Mark in the United States.

63. By manufacturing, distributing, sourcing, selling, and/or supplying the Accused Products using and/or bearing the Mark to NEIMAN MARCUS GROUP, INC., SAKS FIFTH AVENUE, and ST. BERNARD, and others, Defendants materially assisted or contributed to their sale of goods using and/or bearing the Mark in the United States, which is causing and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval, or affiliation of their products. Such conduct therefore constitutes unfair competition, false representation, and a false designation of origin, all in violation of the California Business and Professional Code, § 17200, et seq.

64. As a direct, proximate, and foreseeable result of Defendants' wrongful conduct as alleged above, Plaintiff has suffered injury and is entitled to relief, including disgorgement of all revenues, earnings, profits, compensation, and benefits obtained by Defendants as a result of their unlawful and/or fraudulent business acts or practices.

65. Defendants' unlawful and/or fraudulent business acts or practices

described above are a serious and continuing threat to Plaintiff, and if Defendants are allowed to continue their wrongful conduct, Plaintiff will suffer further immediate and irreparable injury, loss, and damage. In the absence of preliminary and permanent injunctions, Defendants will continue to engage in the wrongful conduct described above.

66. Upon information and belief, Defendants' unlawful acts are willful, deliberate, and intended to cause confusion among the public and taken in reckless disregard of Plaintiff's rights such that an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

### FOURTH COUNT
### DIRECT AND/OR CONTRIBUTORY COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

67. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

68. Defendants' actions in connection with their products and services are likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendants and Plaintiff, and constitute unfair competition at common law.

69. The use by Defendants of Plaintiff's Mark in connection with the Accused Products is in violation of Plaintiff's common law rights to the exclusive use of its Mark throughout California and the United States.

70. By reason of Defendants' actions in connection with the Accused Products, Plaintiff has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of its trademark, unless and until Defendants are enjoined from

continuing their wrongful acts.

71. By reason of Defendants' actions in connection with the manufacturing, sale and distribution of their Accused Products, Plaintiff has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendants are enjoined from continuing their wrongful acts.

48. The above actions of Defendants are a form of unfair competition that is prohibited under the common law of the State of California. Plaintiff has been damaged by this misconduct in an amount to be determined at trial.

49. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has suffered and will continue to suffer lost profits and damage to its on-line sales business, reputation and goodwill in this District, the State of California and throughout the United States, for which there is no adequate remedy at law.

50. As a direct and proximate result of Defendants' infringing conduct. Plaintiff has been injured and will continue to suffer damages in this District, the State of California and throughout the United States in an amount presently unknown and to be determined at trial.

## JURY DEMAND

72. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. A judgment and order that Defendants willfully (A) infringed, both directly and contributorily, the Mark in violation of 15 U.S.C. §1114, (B) directly and contributorily used false designations of origin in violation of 15 U.S.C. § 1125(a), (c) engaged in unlawful, unfair or fraudulent business practices in violation of §§ 17200, et seq., of the California Bus. & Prof. Code; and (D) directly and contributorily violated Plaintiff's common law rights in the Mark

    b.    A judgment and order enjoining Defendants and their affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendants, during the pendency of this action and permanently thereafter from:

        a.    Manufacturing, having manufactured, sourcing, having sourced, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the Accused Products) under the Mark or any other marks, names, symbols, or logos which, when sold by Defendants or others who purchase from Defendants and then sell direct to consumers, are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products that Defendants caused, or helped cause, to enter the stream of commerce are sponsored or licensed by Plaintiff, are authorized by Plaintiff, or are connected or affiliated in some way with Plaintiff or the Mark;

        b.    Manufacturing, having manufactured, sourcing, having sourced, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the Accused Products) under the Mark and/or confusingly similar marks;

        c.    Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (c) above.

2.    An order that Plaintiff is the exclusive owner of the Mark and that such mark is valid and protectable;

3.    An order that Defendants be required to deliver to Plaintiff for

destruction any and all apparel, digital files, packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in any of their possession, custody, or control bearing the Mark;

4. An order granting an award of damages suffered by Plaintiff according to proof at the time of trial;

5. An order that Defendants account to Plaintiff for any and all profits earned as a result of Defendants' acts in violation of Plaintiff's rights,

6. An award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

7. An order granting restitution of Defendants' profits earned from its unauthorized use of the Mark in which profits Plaintiff has a vested interest, pursuant to Cal. Bus. & Prof. Code § 17200, et seq.;

8. An order granting pre-judgment interest on any recovery by Plaintiff;

9. An order granting an award of Plaintiff's costs, expenses, and reasonable attorneys' fees; and

10. Granting such other and further relief as is just and proper.

DATED: March 27, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127650

*Attorneys for Plaintiff*